

**EXHIBIT B**

## Faculty Meeting

11 messages

**Patricia Bennett** <pbennett@mc.edu>                                        Tue, Jun 2, 2020 at 4:36 PM
To: Tenured-Tenure-Track-Law-Faculty <Tenured-Tenure-Track-Law-Faculty@mc.edu>

We will have a meeting of tenured and tenure-track faculty members on Thursday, June 4 at 3:00. We have scheduled the meeting to avoid conflicts with the times professors are teaching summer school classes. I have attached the agenda and materials that will be helpful to our discussions. You will receive a ZOOM Meeting link to participate. Please resist the urge to speculate and share information of the meeting agenda and materials with others. We do not want to create additional anxiety in our environment.

Thank you for your cooperation.
PwB

Patricia Bennett
Dean & Henry Vaughan Watkins and Selby Watkins McRae
Professor of Law
Mississippi College School of Law
151 East Griffith Street
Jackson, MS 39201
P: 601.925.7101| F: 601.925.7115
Email: pbennett@mc.edu

CONFIDENTIALITY STATEMENT:

This communication may contain confidential information. If you are not the intended recipient or if you are not authorized to receive this communication, please notify and return the message to the sender, then delete this communication including any attachments. Unauthorized reviewing, forwarding, copying, distributing or using this information is strictly prohibited.

3 attachments

⬜ Renewal of Directors and Instructors Clean  07.03.2017 (5).pdf
    93K

⬜ ABA Standard 405 Professional Environment.pdf
    77K

⬜ AGENDA Faculty Meeting June 4 , 2020.pdf
    29K

## Contract Grants and Renewal for Directors and Instructors

For Directors and Instructors (hereinafter "Director") the tenure-track faculty will make a recommendation to the Dean for the following purposes:

1) whether to hire the person as a Director;

2) at the end of the initial probationary year, whether to grant another probationary contract and under what terms, taking into consideration the job description;

3) at the end of the second probationary year, whether to grant one additional probationary contract or to grant a five-year contract and under what terms, taking into consideration the job description. Provided, however, that if a five-year contract is not offered after the third probationary year, that third-year contract is considered terminal with no future renewals;

4) at the end of the initial five-year contract, whether to renew the contract as a presumptively renewable five-year contract and under what terms, taking into consideration the job description, and

5) at the end of any presumptively renewable five-year contract, whether to renew the contract or to terminate the Director for good cause.

6) at any time during the Director's employment, whether to terminate the Director for good cause or because the Director's program has been terminated or materially modified.

The procedure for granting or renewing a contract is as follows:

1) Six months prior to the end of the initial probationary contract, the Dean will ask the Promotion and Tenure Committee to conduct a review in order to make a recommendation to the Faculty regarding the granting of a second probationary contract.

2) Six months prior to the end of the second probationary contract, the Dean will ask the Promotion and Tenure Committee to conduct a review in order to make a recommendation to the Faculty regarding the granting of one additional probationary contract or the initial five-year contract.

3) If one additional probationary contract is awarded, six months prior to the end of that third and final probationary contract, the Dean will ask the Promotion and Tenure Committee to conduct a review in order to make a recommendation to the Faculty regarding the granting of the initial five-year contract. Provided, however, that if a five-year contract is

not offered after the third probationary year, that third-year contract is considered terminal with no future renewals.

4) Nine months prior to the expiration of the initial five-year contract, the Dean will ask the Promotion and Tenure Committee to conduct a review in order to make a recommendation to the Faculty regarding the renewal of the contract as a presumptively renewable five-year contract.

5) Nine months prior to the expiration date of any presumptively renewable five-year contract, the Dean will ask the Promotion and Tenure Committee to conduct a review in order to make a recommendation to the Faculty regarding whether the contract should be renewed as a presumptively renewable five-year contract or whether the Director should be terminated for good cause.

6) If the Dean has not made a recommendation five months before the end of each of the probationary contracts or eight months prior to the termination of any five-year contract, the Promotion and Tenure Committee may initiate such a review on its own, or the Director may request the Promotion and Tenure Committee to initiate such a review.

7) The Promotion and Tenure Committee will notify the Director of the review and request him/her to provide a dossier to the Committee. The dossier will include items deemed relevant by the Committee's determination, including representative course materials, student evaluations, and publications, as well as any other evidence that the Director has satisfactorily fulfilled his/her job description. The Committee may identify other items to be furnished and will provide a date by which the materials should be submitted to the Committee.

8) The Committee may secure any additional evaluations, outside reviews, or materials they deem appropriate and necessary to conduct the review.

9) After conducting the review, the Committee shall make a recommendation to the tenure-track faculty who will vote on the Committee's recommendation. The faculty recommendation shall be provided to the Dean for his use in recommending the appropriate contract to the administration of Mississippi College.

10) The chair of the Promotion and Tenure Committee shall review all Director contracts for compliance with job descriptions and these rules. Compensation may be redacted from the contracts for this purpose.

11) "Presumptively renewable" means that the contract will be renewed absent good cause for discharge of the Director or termination or material modification of that person's program. Good cause shall include clear evidence of unsatisfactory performance of duties listed in the job description or failure to conform to the general policies and procedures of the University.

12) The job descriptions of the Directors will be subject to revision to accommodate any change in the curriculum.

## Standard 405. PROFESSIONAL ENVIRONMENT

(a)    A law school shall establish and maintain conditions adequate to attract and retain a competent faculty.

(b)    A law school shall have an established and announced policy with respect to academic freedom and tenure of which Appendix 1 herein is an example but is not obligatory.

(c)    A law school shall afford to full-time clinical faculty members a form of security of position reasonably similar to tenure, and non-compensatory perquisites reasonably similar to those provided other full-time faculty members. A law school may require these faculty members to meet standards and obligations reasonably similar to those required of other full-time faculty members. However, this Standard does not preclude a limited number of fixed, short-term appointments in a clinical program predominantly staffed by full-time faculty members, or in an experimental program of limited duration.

(d)    A law school shall afford legal writing teachers such security of position and other rights and privileges of faculty membership as may be necessary to (1) attract and retain a faculty that is well qualified to provide legal writing instruction as required by Standard 303(a)(2), and (2) safeguard academic freedom.

*Interpretation 405-1*
*A fixed limit on the percent of a law faculty that may hold tenure under any circumstances violates the Standards.*

*Interpretation 405-2*
*A law faculty as professionals should not be required to be a part of the general university bargaining unit.*

*Interpretation 405-3*
*A law school shall have a comprehensive system for evaluating candidates for promotion and tenure or other forms of security of position, including written criteria and procedures that are made available to the faculty.*

*Interpretation 405-4*
*A law school not a part of a university in considering and deciding on appointment, termination, promotion, and tenure of faculty members should have procedures that contain the same principles of fairness and due process that should be employed by a law school that is part of a university. If the dean and faculty have made a recommendation that is unfavorable to a candidate, the candidate should be given an opportunity to appeal to the president, chairman, or governing board.*

*Interpretation 405-5*
*If the dean and faculty have determined the question of responsibility for examination schedules and the schedule has been announced by the authority responsible for it, it is not a violation of academic freedom for a member of the law faculty to be required to adhere to the schedule.*

## Interpretation 405-6

*A form of security of position reasonably similar to tenure includes a separate tenure track or a program of renewable long-term contracts. Under a separate tenure track, a full-time clinical faculty member, after a probationary period reasonably similar to that for other full-time faculty, may be granted tenure. After tenure is granted, the faculty member may be terminated only for good cause, including termination or material modification of the entire clinical program. A program of renewable long-term contracts shall provide that, after a probationary period reasonably similar to that for other full-time faculty, during which the clinical faculty member may be employed on short-term contracts, the services of a faculty member in a clinical program may be either terminated or continued by the granting of a long-term renewable contract. For the purposes of this Interpretation, "long-term contract" means at least a five-year contract that is presumptively renewable or other arrangement sufficient to ensure academic freedom. During the initial long-term contract or any renewal period, the contract may be terminated for good cause, including termination or material modification of the entire clinical program.*

## Interpretation 405-7

*In determining if the members of the full-time clinical faculty meet standards and obligations reasonably similar to those provided for other full-time faculty, competence in the areas of teaching and scholarly research and writing should be judged in terms of the responsibilities of clinical faculty. A law school should develop criteria for retention, promotion, and security of employment of full-time clinical faculty.*

## Interpretation 405-8

*A law school shall afford to full-time clinical faculty members participation in faculty meetings, committees, and other aspects of law school governance in a manner reasonably similar to other full-time faculty members. This Interpretation does not apply to those persons referred to in the last sentence of Standard 405(c).*

## Interpretation 405-9

*Subsection (d) of this Standard does not preclude the use of short-term contracts for legal writing teachers, nor does it preclude law schools from offering fellowship programs designed to produce candidates for full-time teaching by offering individuals supervised teaching experience.*

Invocation

Admissions

Budget

Faculty Contracts

Bar Passage

ABA Report

Summer School

Fall Reopening

Health and Safety Requirements

Fall Schedule

Deans Reports:
Associate Dean Challener
Associate Dean Will
Dean Bennett

Announcements/Events/Adjourn
- Graduation            August 8, 2020 at 10:00 a.m.
- 1L Orientation        August 11
- Classes Begin         August 17