IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| VICTORIA LOWERY LEECH, | ) |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 3:21-cv-647-CWR-FKB |
| MISSISSIPPI COLLEGE, | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

COMES NOW Plaintiff Victoria Lowery Leech ("Plaintiff" or "Professor Lowery"), by and through counsel, and, pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves the Court for leave to file her First Amended Complaint.

Plaintiff seeks leave to amend the original Complaint to clarify and add new counts and remedies regarding Professor Lowery's employment and subsequent termination of employment with Defendant Mississippi College ("MC").

**I.      PROCEDURAL BACKGROUND**

Plaintiff filed the original Complaint on October 8, 2021, alleging breach of contract/wrongful termination, and gender and race discrimination against her former employer, MC. In the original Complaint, Plaintiff alleged that MC breached the terms and conditions of her contract by failing to adhere to the 405(c) requirement that an employment contract not be terminated for good cause or material modification or termination of the program. Plaintiff further alleged that MC, including Associate Dean Jonathan Will, engaged in a pattern of harassing, discriminatory, and retaliatory behavior towards Professor Lowery during her tenure as a professor

at the MC School of Law. Finally, Plaintiff alleged MC engaged in race discrimination by undertaking a scheme to eliminate non-diverse faculty members with earned 405(c) status to provide 405(c) status to diverse faculty. MC answered Plaintiff's Complaint on February 1, 2022.

On April 20, 2022, the parties participated in a telephonic Case Management Conference. The Court's Case Management Order set the deadline to file motions for joinder of parties or amendments to the pleadings for a month later, on May 20, 2022. On that same date, May 20, 2022, Plaintiff filed her Amended Complaint.

Plaintiff now files the instant Motion for Leave to Amend the Complaint.[1] No discovery has been made, and Defendant will not be prejudiced or harmed in granting leave for the proposed First Amended Complaint.

## II.  THE PROPOSED FIRST AMENDED COMPLAINT

The proposed First Amended Complaint will amend Plaintiff's claims against Defendant regarding Professor Lowery's employment with MC and subsequent termination. Plaintiff's Amended Complaint includes claims against Defendant MC for breach of contract, discrimination based on sex, race, and age, retaliation (in violation of Title VII and Mississippi law), breach of the implied duty of good faith and fair dealing, constructive discharge, violation of the Equal Pay Act, intentional infliction of emotional distress, negligent supervision, and bad faith and/or recklessness.

## III.  LEGAL STANDARD AND ARGUMENT

Rule 15 provides that "a party may amend its pleading [with] the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, the Court has the discretion to grant a request for leave to file an amended pleading. *See Zenith Radio*

---

[1] Plaintiff's counsel misunderstood the Case Management Order to require that all amendments to complaints be filed by May 20, 2022.

*Corp. v. Hazeltine Research, Inc*., 401 U.S. 321, 330 (1971) ("It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."); *see also Smith v. EMC Corp*., 393 F. 3d 590, 595 (5th Cir. 2004) ("Rule 15(a) requires a trial court "to grant leave to amend 'freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'"… A district court must possess a "substantial reason" to deny a request for leave to amend… However, decisions concerning motions to amend are "entrusted to the sound discretion of the district court….") (internal citations omitted).

In *United States ex rel. Lin v. Mayfield*, the Fifth Circuit recognized the Supreme Court's five factors for courts to consider in reviewing a motion for leave to amend: "[1] undue delay, [2] bad faith or dilatory motive on the part of the movant, [3] repeated failure to cure deficiencies by amendments previously allowed, [4] undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] [5] futility of the amendment." 773 Fed. Appx. 789, 790 (5th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). In *Mayfield*, the Fifth Circuit concluded, "[A]bsent a 'substantial reason' such as" any of the *Foman* factors, "'the discretion of the district court is not broad enough to permit denial.'" *Id*. (quoting *Mayeaux v. La. Health Serv. & Indem. Co*., 376 F.3d 420, 425 (5th Cir. 2004)).

Here, each of these five factors weigh in favor of the amended complaint. There is no undue delay. The First Amended Complaint was filed on the deadline set by the Court, which was only a month from the Case Management Conference. Initial Disclosures were just made by the parties two weeks ago.

There is no bad faith or dilatory motive by Plaintiff. Plaintiff seeks to file the First Amended Complaint before discovery even begins. In fact, to date, the parties have exchanged no

documents. No depositions have even discussed by the parties. Trial is currently set to take place over a year from now.

Moreover, there will be no substantial or undue prejudice to the defendants. No discovery has yet been made. Given that this matter is just now beginning, and discovery will continue for several months, the time is ripe for the parties to develop these facts and narrow the issues for litigation.

Finally, there will be no futility resulting from plaintiff's First Amended Complaint. In the context of a motion to amend, "'futility… mean[s] that the amended complaint would fail to state a claim upon which relief could be granted…[,] the same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000) (citing *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997); *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); and *Rudolph v. Arthur Andersen & Co.*, 800 F.2d 1040, 1041-42 (11th Cir. 1986)). *Stripling* explained further:

> "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (internal quotations omitted) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)); *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999). The court "may not dismiss a complaint under Rule 12(b)(6) 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)); *Beanal*, 197 F.3d at 164.

*Id*.

Here, the proposed First Amended Complaint states all known viable claims against Defendant. Allowing Professor Lowery to file her First Amended Complaint would serve justice and promote judicial efficiency. As detailed above, the First Amended Complaint seeks to clarify

and add claims related to Professor Lowery's employment with MC and the discrimination she faced during such, as well as the retaliatory action that was taken against Professor Lowery. Professor Lowery has not attempted to amend her Complaint previously. While Plaintiff could file a new lawsuit and move for this Court to consolidate the two, that would not be the best use of judicial resources. To promote judicial efficiency, Plaintiff asks this Court to permit Plaintiff to amend her Complaint and adopt the proposed Amended Complaint.

### IV. CONCLUSION

For these reasons and authorities, Plaintiff Victoria Lowery Leech respectfully asks that the Court grant leave to file the proposed First Amended Complaint.

This the 23rd day of May 2022.

Respectfully submitted,

*/s/ Dorsey R. Carson, Jr.*

By: Dorsey R. Carson, Jr. (MSB #10493)
Kathryn P. Goff (MSB #105678)
Kelli M. Slater (MSB #106157)
*Attorneys for Plaintiff*
*Victoria Lowery Leech*

**OF COUNSEL:**
CARSON LAW GROUP, PLLC
125 S. Congress Street, Suite 1336
Jackson, Mississippi 39201
Telephone: (601) 351-9831
Facsimile:  (601) 510-9056
Email: dcarson@thecarsonlawgroup.com
       kgoff@thecarsonlawgroup.com
       kslater@thecarsonlawgroup.com

## **CERTIFICATE OF SERVICE**

I, Dorsey R. Carson, Jr., certify that the foregoing has been electronically filed with the Clerk of Court using the CM/ECF system, which sent notification of such filing to all counsel of record.

This the 23rd day May 2022.

*/s/Dorsey R. Carson, Jr.*
Dorsey R. Carson, Jr.